By the Court.—Monell J.
The defendant’s admission of the allegation in the complaint, that Drew, as president of the company, was authorized to manage its .affairs, and to make contracts on its behalf, rendered it unnecessary to give any proof on that subject. The .general power thus admitted to have been vested in the president, was of course sufficient to authorize him to make the contract which is the subject of this action.
The motion to dismiss the complaint was, therefore, properly denied.
The question of fact in dispute, was submitted to the jury for their determination, and as the appeal is from the judgment only, we are not at liberty, even if it were necessary, to question the correctness of this conclusion.
*254 The principal question arises under the request to charge the jury, that the recovery should be limited to commissions on the earnings for a month. This request was refused, and the court charged in effect, that the recovery might be predicated upon the earnings under the charter for the whole period the vessels remained in the government service.
The duration of the charter was, “the full term of one month from the above date, and as much longer as said vessels may be required by the United States War Department ; ” and the per diem allowance was for “ each and every day said vessel may be employed.’ ’
There was no option on the part of the charterers. They parted with all control on the vessels, so long as the government saw fit-to employ them in its service ; and they did not reserve any right whatever to cancel the charter at the end of a month, or at any other time. That right rested wholly with the War Department. It had the option to terminate the contract at the end of the month, or to continue it for a longer and indefinite period. It was not, therefore, a charter for a month, except at the will of the government. For a month, it was a charter, and could not, probably, be terminated short of that time, by either party. But for a continuance beyond that period it required no new contract. The exercise of the government’s option was alone sufficient, and then it became a charter for so long a time as the vessels remained in the government service.
The agreement, as the jury found it, was a commission of five percent, on the “ earnings” of the boats under the charter; and as under the charter the two vessels remained in the service of the government for the aggregate period of 449 days, earning the handsome sum of about $360,000, it was not incorrect to hold that such earnings were the proper basis for estimating the plaintiff’s commissions. If such earnings were not under the charter which 'the plaintiff had procured, *255 then the payment by the government of the large sum of money which the defendant received was without any authority whatever. But no such allegation is made, and the defendants admit that they received the money as the earnings under the charter.
In Howland v. Coffin (47 Barb. 653), the agreement was, to pay commissions on the charter, so long as the vessel remained in the government service. After a period of several months, the per diem allowance was by mutual agreement, endorsed upon the charter, reduced from $200 to $125, and it was claimed that the commissions should cease at that time. But it was held, that the change in the allowance did not annul the charter, or terminate the period to which the plaintiff should be limited, as the earnings under the charter. In other words, that the new agreement affected only the amount of the earnings, and did not deprive the plaintiff of his commissions on the reduced sum, so long as the vessel remained in the government service.
The construction of the court, therefore, was correct, that the whole earnings of the vessels under the charter should form the basis for estimating the plaintiff’s compensation.
The question on the cross-examination of the plaintiff, the exclusion of which was excepted to, may have been properly excluded, on the ground that it had already been answered. The immediately preceding question was, “ Was it not a matter of public notoriety, that vessels were wanted by the government \ ’’ Answer: “It was not:” then the witness answered, “this was a special expedition.” Instead of moving to strike out the addition, the defendant’s counsel said, “ I have not asked you that question ; I ask, whether it was not a matter of public notoriety, that vessels were wanted by the government ? ” This latter question was excluded, and properly so, for the reason stated. Besides, it was of no *256 consequence as affecting any of the questions in the case.
The judgment should he affirmed.